# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAY B. COPE, | : | Civil No. 1:20-cv-0133 |
| Plaintiff, | : | |
| v. | : | |
| Superintendent BRITTAIN, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

On January 13, 2020, Plaintiff, Jay B. Cope, an inmate presently confined at the State Correctional Institution, Frackville, Pennsylvania, filed the above captioned civil rights action, pursuant 42 U.S.C. § 1983, in the United States District Court for the Western District of Pennsylvania. (Doc. 2.) By order dated January 22, 2020, *see* Doc 5, the action was transferred to the United States District Court for the Middle District of Pennsylvania, where it was received on January 27, 2020. (Doc. 6.) Plaintiff alleges that he is being incarcerated in excess of his maximum release date. (Doc. 2.) Cope seeks to proceed in forma pauperis. (Doc. 7.) The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the court will grant the motion to proceed in forma pauperis for the sole purpose of filing the

1

action, and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## STANDARDS OF REVIEW

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. *See* 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v.*

2

*Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying FED. R .Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Though a complaint 'does not need detailed factual allegations, ...a formulaic recitation of the elements of a cause of action will not do'." *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but... disregard[s] legal conclusions and threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

4

*Id.*

## FACTUAL BACKGROUND

Cope alleges that he maxed out his prison sentence and is being held in excess of his maximum release date, which he claims, "was changed from 6/21/2009 to 7/29/2022". (Doc. 1.) Specifically, he states that "the Parole Board along with Records Rm. Employee Susan Wolfe illegally extended [his] max date by (13) years, causing a Res Judicata violation." (*Id.*)

For relief, Cope seeks damages, as well as, "to be released from this onerous sentence." (*Id.*)

## DISCUSSION

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws

5

of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Cope's claim is not cognizable under § 1983. "[H]arm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under § 1983, unless the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Learner v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) ("whenever the challenge ultimately attacks the 'core of habeas—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition."). *Heck* applies to claims involving monetary damages as well as those seeking equitable and declaratory relief. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). It also applies to parole board decisions. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006).

Any award or decision in Cope's favor that concerns a decision made by the parole board changing his maximum date of release, would necessarily imply the invalidity of Cope's detention. Consequently, he cannot pursue a civil rights action under 42 U.S.C. § 1983. Rather, following exhaustion of his administrative

6

remedies, Cope's proper avenue of recourse in the federal courts is a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973) (holding that habeas relief is available to challenge the fact or duration of confinement).

As such, Cope's complaint fails to state a claim upon which relief may be granted and must be dismissed. The Court is confident that service of process is unwarranted in this case and would waste the increasingly scarce judicial resources that § 1915 is designed to preserve.

## LEAVE TO AMEND

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the court must grant a plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Because Cope's claim for relief is not cognizable in a complaint brought pursuant to 42 U.S.C. § 1983, and instead must be brought as a separate petition for writ of habeas corpus, granting leave to amend would be futile.

## CONCLUSION

For the foregoing reasons, the court will dismiss the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff's claim is not

7

cognizable under 42 U.S.C. § 1983, the court certifies that, any appeal taken from the court's decision herein, will be deemed frivolous, and not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: February 21, 2020